Prob12B
(7/93)

# United States District Court
## for the District of Massachusetts

### Request for Modifying the Conditions or Term of Supervision
### with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

**Name of Offender:** Theodore Jose Aguirre     **Case Number:** 07-CR-10365

**Name of Sentencing Judicial Officer:** Honorable Joseph L. Tauro, U.S. District Judge

**Name of Assigned Judicial Officer:** To be assigned
**Date of Original Sentence:** May 03, 2010

**Original Offense:** Possession with Intent to Distribute Cocaine 21 U.S.C. § 841(a)(1)

**Original Sentence:** 151 months of custody followed by 36 months of supervised release

**Type of Supervision:** Supervised Release     **Date Supervision Commenced:** December 14, 2018

---

## PETITIONING THE COURT

[   ]    To extend the term of supervision for    years, for a total term of    years
[ X ]    To modify the conditions of supervision as follows:

**You shall not have any contact with, and must stay away from, Chanelle Joyner.**

## CAUSE

Malden Police records reflect that on January 19, 2020, officers responded to 254 Broadway in Malden for a report of a female who was assaulted by her boyfriend, the defendant, at his 275 Charles Street residence. The female victim, Chanelle Joyner, informed officers that she was at the defendant's house earlier and was drinking when she received a text message. She reported that the defendant demanded to see her phone and grabbed it from her. The victim stated that she then demanded to see the defendant's phone. The defendant refused and the two began to argue before the defendant told the victim to leave and advised her that he had already ordered an Uber for her. The victim stated that at this point she was on the front porch when the defendant kicked her in the stomach before she left.

Officers advised the victim that in her original call to 911, she reported that the defendant kicked her in the stomach as she was entering her Uber ride. Officers note that at this point, the victim started to talk to them and was not making much sense. Officers also noted that the victim stated that she took an Uber and then changed it to Lyft and then back to Uber numerous times. Officers noted that the victim appeared to be highly intoxicated and could not spell her boyfriend's name or provide his address without referencing her phone. The victim denied any injuries and declined any medical attention.

Officers then responded to the defendant's house and spoke to the defendant. The defendant stated that he and the victim have been dating since February 2019 and that she would come over at night from time to time. The defendant reported that the victim got very drunk and demanded to see his phone. The defendant reported that when he refused, the victim then became violent and threw punches at him. The defendant then stopped her and threw her onto his bed and instructed the victim to leave his house. The victim then responded by saying that she

then wanted to be intimate with the defendant. The defendant instead requested a Lyft to pick the victim up so she could leave his residence. The defendant denied kicking the victim and officers observed a scratch mark on the back of the defendant's neck. Officers then placed the defendant under arrest and charged him with A&B on a Household/Family Member.

A supplemental Malden Police report reflects that on January 20, 2020, at approximately 8:56 a.m., an officer spoke to the victim who refused a restraining order and advised that she did not wish to see the defendant arrested last night. Additionally, on January 21, 2020, this officer spoke with Chanelle Joyner on the phone regarding the above incident. Chanelle advised this officer that she had been drinking the evening in question with some friends and that she was upset and dealing with some personal issues. Chanelle further stated that she does not completely remember the incident but stated that she was the aggressor and that she attacked the defendant. Chanelle explained that there was an argument between she and the defendant but that the defendant did not hit her. Chanelle stated that she did not want the defendant to be arrested and does not want him to get in trouble with Probation. This officer advised Chanelle that she is to have no contact with the defendant, which she acknowledged.

On January 24, 2020, this officer met with the defendant at his residence, where he signed a Probation Form 49, which included the modified condition noted above. This Probation Form 49 is attached for the Court's review.

Given the circumstances, Probation is seeking to modify the defendant's conditions to include a stay away/no contact order from Chanelle Joyner. Probation is not seeking any additional action from the Court at this time and will continue to monitor the defendant's pending state case related to the above incident. Should further action be required, Probation will notify the Court immediately. If Your Honor agrees with this recommendation, the probation department would respectfully request that you endorse below.

Reviewed/Approved by:

/s/ Christopher P. Moriarty
Christopher P. Moriarty
Supervisory U.S. Probation Officer

Respectfully submitted,

/s/ Andrew McGrath
by Andrew McGrath
U.S. Probation Officer
Date: 1/27/2020

**THE COURT ORDERS**
[ ] No Action
[ ] The Extension of Supervision as Noted Above
[✓] The Modification of Conditions as Noted Above
[ ] Other

_____
Signature of Judicial Officer

1/27/2020
Date

PROB 49
(3/89)

# United States District Court

For the ___District of___ Massachusetts

## Waiver of Hearing to Modify Conditions
## of Probation/Supervised Release or Extend Term of Supervision

    I, Theodore Jose Aguirre, Dkt No 0101 1:07CR10365-003, have been advised and understand that I do not have to agree to this proposed modification(s). I have been advised and understand that instead of signing this form today, I can consult with an attorney and report back to the Probation Office within 48 hours as to how I would like to proceed.

    I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

    I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

**You shall not have any contact with, and must stay away from, Chanelle Joyner.**

Witness _____  Signed _____
(U.S. Probation Officer)                        (Probationer or Supervised Releasee)

_____1/24/2020_____
(Date)